IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO.  5:17-CR-00275-1FL

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| SAMUEL DWAYNE DOOLITTLE | ) |

## **PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, pursuant to the entry of a Memorandum of Plea Agreement by the defendant on October 17, 2018, and the defendant's guilty plea to offenses in violation of 18 U.S.C. § 2421(a) and 18 U.S.C. § 1952(a)(3), the Court finds that the following property is hereby forfeitable pursuant to 18 U.S.C. § 2428(a) and 18 U.S.C. § 981(a)(1)(C), to wit:

(a) $5,260.00 in U. S. currency;

(b) Various Green Dot Cards of unknown value; and

(c) $35,740.00, an amount that represents the balance of the total proceeds ($41,000) that defendant agrees he personally obtained directly or indirectly as a result of the said offenses in Count Six and Seven.

With respect to the unrecovered proceeds of the offense, the defendant further stipulated that he had by his own acts or omissions made these proceeds unavailable and that one or more of the conditions to forfeit substitute assets exists as set forth in 21 U.S.C. § 853(p);

1

AND WHEREAS, by virtue of said guilty plea and the defendant's agreement therein, the United States is now entitled to entry of a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(2); and to seize the specific property subject to forfeiture, to conduct any discovery the Court considers proper in identifying, locating, or disposing of the property, and to commence proceedings that comply with any statutes governing third-party rights, as provided by Fed. R. Crim. P. 32.2(b)(3);

It is hereby ORDERED, ADJUDGED and DECREED:

1. That based upon the plea of guilty by the defendant, Samuel Dwayne Doolittle, the United States is hereby authorized to seize the above-stated property, and it is hereby forfeited to the United States for disposition in accordance with the law, including destruction, subject to the provisions of 21 U.S.C. § 853(n), as allowed by Fed. R. Crim. P. 32.2(b)(3).

2. That based upon the defendant's stipulation that he personally obtained at least $35,740.00 in proceeds from his violation of 18 U.S.C. § 1952(a)(3), and that he has by his own acts or omissions made the proceeds unavailable, and that one or more of the conditions to forfeit substitute assets exists, as set forth in Title 21, United States Code, Section 853(p), the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, and that such substitute assets shall not exceed $35,740.00 in value.  Pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States may move to amend this Order at any time to substitute specific property to satisfy this Order of Forfeiture in

whole or in part. Any and all forfeited funds shall be deposited by the U.S. Department of Justice or the U.S. Department of the Treasury, as soon as located or recovered, into the U.S. Department of Justice's Assets Forfeiture Fund or the U.S. Department of the Treasury's Assets Forfeiture Fund in accordance with 28 U.S.C. § 524(c) and 21 U.S.C. § 881(e).

3. That upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is directed to incorporate a reference to this Preliminary Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall be final as to the defendant upon entry.

4. As to the $5,260.00 in U.S. Currency and pre-paid Green Dot Cards of unknown value previously seized by the government, pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Order and of its intent to dispose of the property in such manner as the Attorney General or the Secretary of Treasury directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier.

The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's

claim and the relief sought.

5. That upon adjudication of all third party interests this Court will enter a Final Order of Forfeiture as required by Fed. R. Crim. P. 32.2(c)(2).

SO ORDERED, this <u>2nd</u> day of     February    , 2019.

                                            LOUISE W. FLANAGAN
                                            United States District Judge