UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CR-275-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| SAMUEL DOOLITTLE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion of Defendant Samuel Doolittle ("Defendant") requesting, at the Government's expense, transcripts and copies of several documents from his case, [DE-1 (indictment), -38 to -41 (arraignment transcript and related documents, plea agreement), -50 to -52 (sentencing memoranda), -57 to -65 (sentencing transcript and related documents, judgment, statement of reasons, preliminary order of forfeiture, sealed victim restitution information)]. [DE-69].

28 U.S.C. § 753(f) addresses the circumstances under which the court may provide an indigent defendant with a copy of his transcript at the Government's expense. Specifically, the statute directs courts to provide an indigent defendant proceeding *in forma pauperis* under 28 U.S.C. § 1915(a) with a free transcript in order to bring an action pursuant to 28 U.S.C. § 2255 if the court certifies "that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit . . . ." 28 U.S.C. § 753(f); *see also United States v. MacCollum*, 426 U.S. 317, 326 (1976); *United States v. Glass*, 317 F.2d 200, 202 (4th. Cir 1963) (explaining that an indigent defendant may not obtain a free transcript without a showing of necessity, "merely to comb the record in the hope of discovering some flaw"). Because there is no constitutional

requirement that the Government provide an indigent defendant with free transcripts or other court documents in order to collaterally attack a conviction or sentence, the defendant must show a "particularized need" for the documents. *Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975) (citing *Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152–53 (4th Cir. 1972)); *see also MacCollum*, 426 U.S. at 323–38.

Doolittle has a pending § 2255 petition raising two claims: (1) the sentence imposed was unconstitutional because the combined term of imprisonment and term of supervised release exceeds the statutory maximum for the offense, and supervised release is unenforceable because any period of supervised release would exceed the statutory maximum; and (2) counsel was ineffective for failing to object to the unconstitutional sentence and supervised release period on the grounds asserted in claim one. [DE-68]. In Doolittle's motion for copies and transcripts, he asserts that "he has reason to believe" his counsel had access to information that would have proved him innocent of Count Six of the Indictment, interstate transportation for prostitution by coercion and enticement in violation of 18 U.S.C. § 2421(a), to which Doolittle pleaded guilty pursuant to a plea agreement. [DE-38, -40]. There is no apparent connection between the issues raised in the § 2255 petition and the documents sought by Doolittle. Accordingly, Doolittle has failed to demonstrate that the documents he seeks are necessary to decide the issues presented by his § 2255 petition, and the motion is denied.

SO ORDERED, this the 16 day of January 2020.

Robert B. Jones, Jr.
United States Magistrate Judge