IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-9-FL
NO. 5:17-CR-275-FL-1

| | | |
|---|---|---|
| SAMUEL DEWAYNE DOOTLITTLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 68, 75) and respondent's motion to dismiss (DE 79). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B. Jones, Jr. entered an order and memorandum and recommendation ("M&R") (DE 84), wherein it is recommended that the court deny petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to the M&R, and the time for respondent to reply as expired. In this posture, the issue raised are ripe for ruling. For the following reasons, the court adopts the M&R, denies petitioner's § 2255 motion, and grants respondent's motion.[1]

## BACKGROUND

Petitioner pleaded guilty on October 17, 2018, pursuant to a written plea agreement, to interstate transportation for prostitutin by coercion and enticement, in violation of 18 U.S.C. § 2421(a), and to use of the internet to promote an unlawful business enterprise, in violation of 18 U.S.C. § 1952(a)(3). The court sentenced petitioner, on February 1, 2019, to a term of

---

[1] Petitioner's motion for compassionate release (DE 87), under 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), will be addressed by separate order.

imprisonment of 120 months for the § 1591 violation to be followed by a consecutive term of 15 months of imprisonment for the § 1952 violation, totaling 135 months imprisonment, with five years of supervised release. The issue of restitution was left pending until on August 3, 2018, the court entered an amended judgment including restitution in the amount of $52,900.00. Petitioner did not appeal.

Petitioner filed the instant motion to vacate on January 3, 2020, asserting claims based upon ineffective assistance of counsel and an unconstitutional sentence, followed by an amended, unsworn motion on February 21, 2020, which expounded on his ineffective assistance of counsel claim. The government filed the instant motion to dismiss on March 31, 2020. The court referred the matter to Magistrate Judge Jones, who entered a M&R on July 27, 2020, including factual findings and recommendation to deny petitioner's motion and grant the government's motion.[2] Defendant filed objections on October 19, 2020.

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the

---

[2] Magistrate Judge Jones additionally denied petitioner's motion for discovery (DE 76), which was referred to him pursuant to 28 U.S.C. § 636(b)(1)(A). Accordingly, it is not controlled by the same standard of review as the M&R's recommendation on petitioner's § 2255 motion and the government's motion. See Aluminum Co. of Am. v. EPA, 663 F.2d 499, 501-02 (4th Cir. 1981). Instead, this court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A), and only when the party makes timely objection, Fed. R. Civ. P. 72(a). Petitioner asserts that "the magistrate [judge] clearly erred even under the plain error standard" and that "this court should . . . order discovery." (Pet'r's Obj. (DE 86) at 5). The court discerns no error of law in the M&R's conclusion that the good cause required for discovery, under Rule 6(a) of the Rules Governing Section 2254 Cases, has not been shown due to petitioner's failure to "make[] a specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief." See Quesinberry v. Taylor, 162 F.3d 273, 279 (4th Cir. 1998).

magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

Petitioner raises objections to the following determinations in the M&R: 1) that under Rule 12(b)(1) petitioner lacked standing to challenge any future revocation sentence under § 3583(k); 2) that § 3583(k) rather than § 3853(b) is applicable; 3) that petitioner's sentence of 135 months of imprisonment followed by five years of supervised release was constitutional and fell within the statutory maximum punishment; 4) that petitioner's counsel was not ineffective for failing to object to petitioner's registration under the Sex Offender Registration and Notification Act

3

("SORNA"), failing to object to restitution, failing to file notice of appeal, or by successfully objecting to a four-level enhancement to petitioner's Sentencing Guidelines offense level.[3]

1.  Lack of Standing to Challenge Future Revocation Sentences

The M&R held that petitioner "lacks standing to challenge any future revocation sentence under § 3583(k)." (M&R (DE 84) at 9). Petitioner challenges this conclusion, arguing, first, that the court plainly has subject-matter jurisdiction, citing § 2255 and 18 U.S.C. § 3232.[4] (Obj. (DE 84) at 2). However, petitioner's argument misconstrues the court's subject-matter jurisdiction. Section 2255 is relevant insofar as it allows the court to hear this <u>category</u> of case, but not as to whether the court has subject-matter jurisdiction over <u>petitioner's specific claim</u> pursuant to Article III of the United States Constitution's cases and controversy requirement, which requires that parties bringing suit in federal court have standing. <u>See, e.g.</u>, <u>Beck v. McDonald</u>, 848 F.3d 262, 269 (4th Cir. 2017) ("To invoke federal jurisdiction, a plaintiff bears the burden of establishing the three irreducible minimum requirements of Article III standing . . . ." (quotation omitted)). Accordingly, petitioner's claim on this basis is unavailing.

Petitioner next argues that because he challenges his supervised release period rather than any revocation during that future period, he has clearly suffered injury-in-fact. (Obj. (DE 84) at 3-4). The M&R, however, addressed the propriety of his supervised release period separately, as does this court. Insofar as the petitioner challenges any future revocation of supervised release,

---

[3] Petitioner newly alleges that dismissal of his claim without being allowed discovery constitutes a violation of due process. (<u>See</u> (DE 86) at 8-9). The Rules Governing Section 2255 Proceedings plainly foreclose this argument by allowing discovery only where good cause is shown. Rules Governing Section 2255 Proceedings, Rule 6(a).

[4] Section § 3232 references Rule 18 of the Federal Rules of Criminal Procedure that states, inter alia, that "the government must prosecute an offense in a district where the offense was committed" and that "[t]he court must set the place of trial within the district." Petitioner's citation of § 3232 is presumably an attempt to reference the court's original, exclusive jurisdiction under 18 U.S.C. § 3231 over "all offenses against the laws of the United States."

the M&R correctly determined that petitioner lacks standing through the instant proceeding to raise that argument.

2. Supervised Release Term and Its Applicability to Petitioner

Petitioner argues that "supervised release of 5 years is too high and the court relying on this 'mandatory minimum' violates Due Process." (Obj. (DE 86) at 6-7). In other words, he argues that "the sentence was imposed in violation of the Constitution or laws of the United States," which was the same issue raised before Magistrate Judge Jones and addressed in the M&R. For that reason alone, his objection on that account fails. See Orpiano, 687 F.2d at 47. Regardless, as the M&R cogently explained, petitioner's arguments based on United States v. Haymond, 139 S. Ct. 2369 (2019) are without merit because Haymond's holding is inapplicable to petitioner's sentence, see United States v. Coston, 964 F.3d 289, 291 (4th Cir. 2020) ("[T]he Supreme Court held [in Haymond] that a . . . mandatory revocation provision [in] 18 U.S.C. § 3583(k)[] was unconstitutional in an as-applied challenge."), and because the text of § 3583(k), on its face, allows for a five-year term of supervised release in petitioner's case. See, e.g., United States v. Taylor, 533 F. App'x 314, 315-16 (4th Cir. 2013) ("The district court was statutorily authorized to impose [defendant's] fifteen-year term of supervised release.").

The court adopts the M&R's reasoning finding that petitioner has failed to make the requisite showing under § 2255, meaning that the court must grant the government's motion to dismiss and deny petitioner's motion.

3. Ineffective Assistance of Counsel Claims

The M&R determined that petitioner failed to state a claim of ineffective assistance of counsel based on his counsel's failure to raise an objection to the court's imposition of a five-year term of supervised release, to raise an objection to the imposition of restitution, to raise an objection to petitioner's required registration as a sex offender under SORNA, to raise an objection

5

to the imposition of a 4-level offense level enhancement pursuant to United States Sentencing Guidelines § 2A3.1(b)(1), to consult with petitioner regarding an appeal, and subsequently failing to appeal.

Petitioner, again, raises many of the same arguments he raised before the magistrate judge. Petitioner identifies no particular error in the analysis of the M&R other than his disagreement with the M&R's conclusions. Upon careful review of the record, the court finds that the magistrate judge already has addressed the arguments set forth in petitioner's objections, and petitioner raises no new issues on these claims for the court to review de novo. See Orpiano, 687 F.2d at 47. In addition, having reviewed the entire record de novo, the court agrees with the findings and analysis set forth in the M&R, and, therefore, adopts the M&R's reasoning in full. See 28 U.S.C. § 636(b)(1). The cases cited by petitioner certainly stand for the proposition that § 2255 motions are a vehicle to challenge ineffective assistance of counsel on the bases that petitioner raises, but petitioner's objection fails to point to any perceived error in the M&R's analysis on the merits of petitioner's ineffective assistance of counsel claims.

In sum, petitioner has failed to state a claim that counsel provided constitutionally ineffective assistance and has not presented "a colorable Sixth Amendment claim . . . where material facts are in dispute involving inconsistencies beyond the record," meaning that "a hearing is [not] necessary." See United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992).

C.      Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322,

336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, petitioner's motion to vacate, set aside, or correct his sentence (DE 68, 75) is DENIED, and respondent's motion to dismiss (DE 78) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED is close this case.

SO ORDERED, this the 3rd day of June, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge